## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAWRENCE WRIGHT**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**JOHNSON & WALES UNIVERSITY,**<br><br>*Defendant*. | Civil Case No.:<br><br><br>**COMPLAINT - CLASS ACTION** |

### INTRODUCTION

1.      This action arises out of Defendant, Johnson & Wales University's ("Defendant or "JW"), practice of making unsolicited prerecorded telemarketing calls without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to call his telephone with prerecorded messages.

3.      Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5.      The Court has jurisdiction over Defendant because Defendant has committed tortious acts in this District and has targeted residents of this District with its telemarketing campaigns.

6.      Venue is proper in this District because some of the wrongful conduct giving rise

to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

7.    Mr. Wright is, and at all times mentioned herein was, a citizen and resident of Stroudsburg, Pennsylvania.

8.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9.    Defendant Johnson & Wales University is, and at all times mentioned herein was, a non-profit corporation organized and existing under the laws of Rhode Island.

10.    Defendant's principal place of business is located at 8 Abbott Park Place, Providence, RI 02903.

11.    Defendant may be served via its registered agent Cogency Global, Inc. located at 222 Jefferson Boulevard, Warwick, RI 02888.

12.    Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

13.    Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its services and encouraging individuals to enroll in its degree programs.

14.    Because each of these calls were advertising Defendant's products and/or services, they constitute telemarketing and telephone solicitations.

## PLAINTIFF WRIGHT'S FACTUAL ALLEGATIONS

15.    Plaintiff Wright is the sole and customary user of cellular telephone number (XXX)-XXX-5566.

16.     Plaintiff Wright's cellular telephone number, (XXX)-XXX-5566, is a personal telephone number and is used for residential purposes.

17.     Plaintiff Wright placed his cellular telephone number, (XXX)-XXX-5566, on the National Do-Not-Call Registry on May 18, 2023.

18.     On or about June 27, 2023, Plaintiff Wright began receiving prerecorded calls from Defendant.

19.     For example, on June 27, 2023 at 12:19pm, Mr. Wright received a call from Defendant from telephone number (401) 598-4600, which played the following prerecorded message:

> Hello, this is Ben calling from Johnson & Wales University. We look forward to talking to you about your interest in our degree programs. We'll try calling you back soon, or you can feel free to call us back at 401-598-4600. Have a great day.

20.     On June 28, 2023 at 10:29am, Mr. Wright received another call from Defendant from telephone number (401) 598-4600, which played the following prerecorded message:

> Hello, this is Ben calling from Johnson & Wales University. We look forward to talking to you about your interest in our degree programs. We'll try calling you back soon, or you can feel free to call us back at 401-598-4600. Have a great day.

21.     On July 10, 2023 at 1:56pm, Mr. Wright received another call from Defendant from telephone number (401) 598-4600, which played the following prerecorded message:

> Hello, this is Ben calling from Johnson & Wales University. We look forward to talking to you about your interest in our degree programs. We'll try calling you back soon, or you can feel free to call us back at 401-598-4600. Have a great day.

22.     On July 11, 2023 at 9:49am, Mr. Wright received another call from Defendant from telephone number (401) 598-4600, which played the following prerecorded message:

> Hello, this is Ben calling from Johnson & Wales University. We

look forward to talking to you about your interest in our degree programs. We'll try calling you back soon, or you can feel free to call us back at 401-598-4600. Have a great day.

23.    Mr. Wright knew these messages were prerecorded because they were all identical.

24.    Mr. Wright never provided prior express written consent (or any consent) to Defendant for these telephone calls.

## DEFENDANT'S LIABILITY

25.    Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

26.    "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

27.    Mr. Wright never provided Defendant with any consent, written or otherwise.

28.    Accordingly, each of Defendant's telemarketing calls to Mr. Wright using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

29.    For violations of 47 U.S.C. § 227(b), Mr. Wright is entitled to a minimum of $500 per call.

30.    Mr. Wright is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

31.    Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemail

messages;

- Invasion of Privacy; and

- Nuisance.

32.    These forms of actual injury are sufficient for Article III standing purposes.

## **CLASS ACTION ALLEGATIONS**

33.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "Class" as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call, from four (4) years prior to the filing of the Complaint through the date of Certification.

34.    Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

35.    The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

36.    The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

a.    The time period(s) during which Defendant placed its calls;

b.    The telephone numbers to which Defendant placed its calls;

c.    The telephone numbers for which Defendant had prior express written consent;

d.    The purposes of such calls; and

e.    The names and addresses of Class members.

37.     The Class are comprised of hundreds, if not thousands, of individuals.

38.     There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

      a.     Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

      b.     Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

      c.     Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

      d.     Whether Defendant should be enjoined from engaging in such conduct in the future.

39.     Plaintiff is a member of the Class in that Defendant placed calls utilizing an artificial or prerecorded voice without his prior express written consent.

40.     Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

41.     Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

42.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

43.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

44.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

45.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

46.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

47.    Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

48.    Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

49.    Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and Class Members' telephone numbers without prior express written consent.

50.    Defendant has therefore violated 47 U.S.C. § 227(b).

51.    As a result of Defendant's unlawful conduct, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.    Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 22, 2023

*s/ Max S. Morgan*
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com