UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE WRIGHT, on behalf of himself and all others similarly situated,<br>          Plaintiff,<br><br>v.<br><br>JOHNSON & WALES UNIVERSITY,<br>          Defendant. | Case No. 3:23-CV-01941-JKM<br>(The Honorable Julia K. Munley) |

**DEFENDANT JOHNSON & WALES UNIVERSITY'S ANSWER
TO LAWRENCE WRIGHT'S COMPLAINT**

Defendant Johnson & Wales University ("JWU" or "Defendant"), by and through counsel, hereby submits its answer and affirmative defenses to the Complaint of Plaintiff Lawrence Wright. Unless specifically admitted, JWU denies each and every allegation in the Complaint.

1. Paragraph 1 calls for a legal conclusion to which no response is required; denied on that basis. Defendant denies that any action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") is appropriate. Plaintiff is in the best position to determine why he filed this action.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, given that Plaintiff has failed to limit his allegation to any particular time period; denied on that basis. Further, paragraph 2 calls for a legal conclusion as to prior express written consent as to which no response is requited.

3. Paragraph 3 calls for a legal conclusion to which no response is required; denied on that basis. Defendant further denies that any class action is permitted.

4. Paragraph 4 calls for a legal conclusion to which no response is required; denied on that basis.

5. Paragraph 5 calls for a legal conclusion to which no response is required; denied on that basis. Defendant further denies that it has committed any tortious or illegal acts.

6. Paragraph 6 calls for a legal conclusion to which no response is required; denied on that basis. Defendant further denies that it has engaged in any wrongful conduct.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7; denied on that basis.

8. Paragraph 8 calls for a legal conclusion to which no response is required; denied on that basis.

9. As to paragraph 9, Defendant admits that it is, and it has been throughout 2023 to the present,

1

a nonprofit corporation organized under Rhode Island law.

10. As to paragraph 10, Defendant admits that its principal place of business is identified as the address of 8 Abbott Park Place, Providence, RI 02903.

11. Defendant admits that paragraph 11 correctly identifies Defendant's registered agent.

12. Paragraph 12 calls for a legal conclusion to which no response is required; denied on that basis.

13. Paragraph 13 calls for a legal conclusion regarding the characterization of calls as telemarketing as to which no response is required; denied on that basis.

14. Paragraph 14 calls for a legal conclusion as to the characterization of calls as telemarketing and telephone solicitations as to which no response is required; denied on that basis.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15; denied on that basis.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16; denied on that basis.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17; denied on that basis.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23; denied on that basis.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, given that Plaintiff has failed to limit his allegation to any particular time period; denied on that basis. Further, paragraph 24 calls for a legal conclusion as to what constitutes consent as to which no response is required; denied on that basis.

25. Paragraph 25 calls for a legal conclusion to which no response is required; denied on that basis.

26. Paragraph 26 calls for a legal conclusion to which no response is required; denied on that basis.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, given that Plaintiff has failed to limit his allegation to any particular time period; denied on that basis. Further, paragraph 27 calls for a legal conclusion as to what constitutes consent to which no response is required; denied on that basis.

28. Paragraph 28 calls for a legal conclusion to which no response is required; denied on that basis.

29. Paragraph 29 calls for a legal conclusion to which no response is required; denied on that

basis.

30. Paragraph 30 calls for a legal conclusion to which no response is required; denied on that basis.
31. Paragraph 31 calls for a legal conclusion to which no response is required; denied on that basis.
32. Paragraph 32 calls for a legal conclusion to which no response is required; denied on that basis.
33. Paragraph 33 calls for a legal conclusion to which no response is required; denied on that basis.
34. Paragraph 34 calls for a legal conclusion to which no response is required; denied on that basis.
35. Paragraph 35 calls for a legal conclusion to which no response is required; denied on that basis.
36. Paragraph 36, including all subparagraphs, calls for a legal conclusion to which no response is required; denied on that basis.
37. Paragraph 37 calls for a legal conclusion to which no response is required; denied on that basis.
38. Paragraph 38, including all subparagraphs, calls for a legal conclusion to which no response is required; denied on that basis.
39. Paragraph 39 calls for a legal conclusion to which no response is required; denied on that basis.
40. Paragraph 40 calls for a legal conclusion to which no response is required; denied on that basis.
41. Paragraph 41 calls for a legal conclusion to which no response is required; denied on that basis.
42. Paragraph 42 calls for a legal conclusion to which no response is required; denied on that basis.
43. Paragraph 43 calls for a legal conclusion to which no response is required; denied on that basis.
44. Paragraph 44 calls for a legal conclusion to which no response is required; denied on that basis.
45. Paragraph 45 calls for a legal conclusion to which no response is required; denied on that basis.
46. Paragraph 46 calls for a legal conclusion to which no response is required; denied on that basis.
47. Paragraph 47 calls for a legal conclusion to which no response is required; denied on that basis.
48. Defendant incorporates the foregoing responses as if fully set forth herein.

49. Defendant denies the allegations in paragraph 49 and denies that any "prior expressed written consent" was required under applicable law.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

In response to Plaintiff's WHEREFORE clause, Defendant denies that Plaintiff is entitled any relief whatever, individually or on behalf of a putative class.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation contained in the Complaint not specifically admitted above, JWU, by way of affirmative defenses, states as follows (without assuming the burden of proof as to any defense insofar as the burden of proof is not otherwise on JWU):

1. Affirmative Defense: Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Affirmative Defense: Plaintiff lacks Article III standing, inasmuch as Plaintiff suffered no injury or a de minimis injury insufficient to satisfy Article III.

3. Affirmative Defense: JWU did not directly, indirectly, or proximately cause Plaintiff's alleged injury.

4. Affirmative Defense: The cause of Plaintiff's alleged injury was a third party or third parties, for whose acts or omissions JWU is not responsible.

5. Affirmative Defense: If Plaintiff suffered an alleged injury, as Plaintiff alleges, any such alleged injury was the result of superseding intervening causes, including but not limited to Plaintiff's own conduct, for which JWU is in no way legally responsible.

6. Affirmative Defense: Plaintiff failed to mitigate Plaintiff's alleged damages.

7. Affirmative Defense: Plaintiff assumed the risk of the alleged injury, such that Plaintiff is barred from any recovery.

8. Affirmative Defense: Plaintiff's claim is preempted by applicable law.

9. Affirmative Defense: Plaintiff's claims are precluded by the doctrines of estoppel, laches, unclean hands, and waiver.

10. Affirmative Defense: The class claims are subject to arbitration on an individual, non-class basis.

11. Affirmative Defense: Class certification of this action should be denied for one or more of the following reasons:

    A. Joinder of all members of the putative classes is not impracticable;

    B. There are insufficient questions of law and fact pertaining to the whole of the putative classes;

- C. The claim of Plaintiff is not typical of the putative classes;
- D. The claim of Plaintiff will not adequately protect the interests of the putative classes;
- E. A class action is not the appropriate or superior method for the fair and efficient adjudication of this controversy;
- F. It is not impractical for individual plaintiffs to obtain redress; and
- G. Individual issues will predominate over class issues.

12. Affirmative Defense: Defendant reserves the right to allege additional affirmative defenses as discovery unfolds.

WHEREFORE, JWU requests that the Court enter a judgment in JWU's favor, award JWU its reasonable costs and attorney and other fees, and grant such other and further relief as the Court deems just and proper.

**JWU DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.**

DATED: January 31, 2024

Respectfully submitted,

/s/ Paul Bond
Paul Bond (*admitted pro hac vice*)
Kathleen Princivalle
Holland & Knight LLP
1650 Market Street
Suite 3300
Philadelphia, PA 19103
E-mail: paul.bond@hklaw.com
E-mail: kathleen.princivalle@hklaw.com
T: 215.252.9600

Sophie L. Kletzien (*admitted pro hac vice*)
Holland & Knight LLP
31 West 52nd Street
12th Floor
New York, NY 10019
E-mail: sophie.kletzien@hklaw.com
T: 212.513.3567

*Attorneys for Defendant Johnson & Wales University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed by Defendant Johnson & Wales University was served on counsel of record on January 31, 2024, using the Court's CM/ECF system, which will send a notification of such filing.

*/s/ Paul Bond*
Paul Bond